IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 88-464

FILED

DEC 05 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF                          )
                                          )
WILLIAM R. MORSE,                         )        O R D E R
                                          )
    Petitioner for Reinstatement.         )

On August 23, 1994, the Commission on Practice held a hearing on the petition of William R. Morse for reinstatement to the practice of law in Montana. The Commission has now filed with this Court its Findings of Fact, Conclusions of Law and Recommendations. The unanimous recommendation of all Commission members present and participating in the proceeding is that Mr. Morse not be reinstated to the practice of law in Montana at this time. Petitioner has responded to the Commission's findings, conclusions and recommendations and has urged this Court to disregard the Commission's recommendations and to order his reinstatement. Special counsel for the Commission on Practice has responded to the petitioner's brief to this Court and petitioner has filed a reply brief.

After due consideration the Court hereby adopts the recommendations of the Commission on Practice and orders that William R. Morse not be readmitted to the practice of law in Montana at this time.

The clerk is directed to provide copies of this order to the Chairman and Secretary of the Commission on Practice, all counsel of record in this matter, the clerks of each of the district courts of the State of Montana, the clerk of the Federal District Court

for the District of Montana, the clerk of the Circuit Court of Appeals of the Ninth Circuit, and the Executive Director of the State Bar of Montana.

DATED this 5ᵗʰ day of December, 1995.



Chief Justice

Justices

Justice W. William Leaphart did not participate in this order.

Justice Terry N. Trieweiler dissents from the above order with the following explanation:

I would grant William R. Morse's petition for reinstatement and note that the original recommendation by the Commission on Practice was for indefinite suspension, but that that recommendation was disregarded in favor of the prosecutor's suggestion that Morse be disbarred. I see no more reason to follow the Commission's recommendation on this occasion than this Court found on the previous occasion.

The Commission on Practice recommends against reinstatement because of Mr. Morse's continued denial of his accuser's allegations. I do not find that a sufficient basis for denying reinstatement. If the offenses for which Morse was disbarred do

2

not warrant continued punishment, then neither does his refusal to admit what has always been a disputed fact. To admit his accuser's allegations is to admit he lied under oath. If admitting a crime is the price of reinstatement, reinstatement would be a hollow accomplishment.

In light of the isolated nature of the incident for which Morse was disbarred, and his otherwise unblemished service as a lawyer for many years, I would not require that he admit lying under oath and expose himself to criminal charges as a condition to reinstatement.

_____
Justice

Justice William E. Hunt, Sr. would grant the petition for reinstatement.

_____
Justice

3